**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
*rclarkson@clarksonlawfirm.com*
Zachary T. Chrzan (SBN 329159)
*zchrzan@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN NAHRA, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> AXE AND SLEDGE SUPPLEMENTS INC., a Pennsylvania Corporation, <br><br> Defendant. | Case No. <br><br> **CLASS ACTION COMPLAINT** <br><br> 1. VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW, BUSINESS AND PROFESSIONS CODE § 17200, *et seq*. <br> 2. FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17500, *et seq*. <br> 3. VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT, CIVIL CODE § 1750, *et. seq*. <br> 4. BREACH OF WARRANTY <br> 5. COMMON LAW FRAUD <br> 6. INTENTIONAL MISREPRESENTATION <br> 7. RESTITUTION/UNJUST ENRICHMENT <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff John Nahra (**"Plaintiff"**), individually and on behalf of all others similarly situated, as more fully described herein (the **"Class"** and **"Class Members"**), brings this class action complaint against Defendant Axe And Sledge Supplements Inc. (**"Defendant"**), and alleges the following based upon investigation, information, and belief, unless otherwise expressly stated as based on personal knowledge.

# TABLE OF CONTENTS

**Page(s)**

I.  INTRODUCTION ...................................................................................4

II.  CALIFORNIA STATE AND FEDERAL COURTS FIND SLACK-FILL CASES MERITORIOUS AND APPROPRIATE FOR CLASS TREATMENT 6

III.  PARTIES.................................................................................................8

IV.  JURISDICTION .....................................................................................9

V.  VENUE ...................................................................................................9

VI.  FACTUAL ALLEGATIONS.................................................................10

   A. The Size of the Products' Packaging Matters to Consumers.......................10

   B. The Products Are Deceptive to Reasonable Consumers .............................12

   C. None of the Slack-Fill Statutory Exceptions Apply to the Products.............14

      1. 21 C.F.R. 100.100(a)(1) – Protection of the Contents .............................14

      2. 21 C.F.R. 100.100(a)(2) – Requirements of the Machines.....................14

      3. 21 C.F.R. 100.100(a)(3) – Settling During Shipping and Handling .........14

      4. 21 C.F.R. 100.100(a)(4) – Specific Function of Package s .....................14

      5. 21 C.F.R. 100.100(a)(5) – Reusable Container.......................................14

      6. 21 C.F.R. 100.100(a)(6) – Inability to Increase Fill or Decrease Container Size...................................................................................................14

   D. Comparator Products Serve as Additional Evidence of Nonfunctional Slack-Fill ...........................................................................................................16

   E. Defendant's Conduct Harms Consumers and Threatens Fair Competition...16

   F. The Products are Substantially Similar ......................................................16

VII.  NO ADEQUATE REMEDY AT LAW ...............................................19

VIII. CLASS ACTION ALLEGATIONS.....................................................23

COUNT ONE....................................................................................................27

   A. "Unfair" Prong .........................................................................................28

   B. "Fraudulent" Prong ...................................................................................31

   C. "Unlawful" Prong......................................................................................32

COUNT TWO....................................................................................................34

COUNT THREE ...............................................................................................36

COUNT FOUR ................................................................................................40

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

COUNT FIVE ........................................................................................................41

COUNT SIX ..........................................................................................................42

COUNT SEVEN ....................................................................................................43

IX.    PRAYER FOR RELIEF.................................................................................45

X.    JURY TRIAL DEMANDED .........................................................................45

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

CLASS ACTION COMPLAINT

# INTRODUCTION

1.     **Synopsis**. To increase profits at the expense of consumers and fair competition, Defendant deceptively sells all Axe And Sledge powder products in opaque containers (the "Products") in oversized packaging that does not reasonably inform consumers that they are nearly half empty.

2.     This empty space, known as "slack fill," is at the center of a common scam employed in the market, and by Defendant here: attract consumers with large, oversized packaging to drive sales, while underfilling the product to save money.

3.     Slack-fill scams dupe unsuspecting consumers into paying a premium for empty space. Consumers receive less than they reasonably assume they will based on the size of the package.

4.     It also harms law-abiding companies who package their products in a manner congruent with the amount of product inside, as consumers are falsely led to believe they will get a better deal if they purchase a fraudster's larger package, only to find out later it is nearly half empty.

5.     Below is a true and correct depiction of one version of the Product evidencing Defendant's deception: the opaque container measures to a vertical height of approximately 25.5 cm, while the product inside only measures to a vertical height of approximately 14.5 cm. The red line represents the actual fill line, below which is product, and above which is nonfunctional empty space.

///
///
///
///
///
///
///
///

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway | Malibu, CA 90265



19   6.   Due to its known propensity to deceive consumers and destroy fair

20   competition, the use of empty space in product packaging is a practice that both the

21   United States and California legislatures prohibit except in rare instances where the

22   empty space can be deemed "functional" according to narrowly tailored criteria. *See*

23   21 C.F.R. 100.100(a). None of these statutory 'exceptions' apply to the Products, as

24   discussed more fully *infra*. *See* ¶¶ 32-43.

25   7.   Instead, Defendant is utilizing empty space in its oversized, opaque

26   packaging for the very reason it is prohibited: to trick consumers into believing its

27   Products are a good deal, and a better deal than competitive products, based on size

28   alone, and to save money by putting less product in each container than reasonable

consumers expect to receive based on the package size. Ultimately, consumers pay premium prices for significantly empty containers.

8.      Accordingly, Defendant has violated California Civil Code sections 1750, *et seq.* (the "**CLRA**"), particularly California Civil Code sections 1770(a)(2), 1770(a)(5), 1770(a)(7), and 1770(a)(9). As such, Defendant has committed *per se* violations of Business & Professions Code section 17200, *et seq.* (the "**UCL**") and Business & Professions Code section 17500, *et seq.* (the "**FAL**").

9.      Plaintiff and consumers have suffered injury in fact caused by the false, fraudulent, unfair, deceptive, unlawful, and misleading practices set forth herein, and seek injunctive relief, as well as, *inter alia*, compensatory damages, statutory damages, restitution, and attorneys' fees.

10.     **Primary Dual Objectives.** Plaintiff brings this action individually and on behalf of those similarly situated to represent a National Class and a California Subclass of consumers who purchased the Products (defined *infra*). Plaintiff's primary objective in this litigation is to secure injunctive relief to stop Defendant's unlawful marketing of the Products as adequately filled. Plaintiff also seeks, on Plaintiff's individual behalf and on behalf of the Class, a monetary recovery of the premium consumers overpaid for the Products, as consistent with permissible law (including, for example, damages, restitution, and disgorgement).

## CALIFORNIA STATE AND FEDERAL COURTS FIND SLACK-FILL CASES MERITORIOUS AND APPROPRIATE FOR CLASS TREATMENT

11.     Several state and federal courts have found that cases involving nearly identical claims are meritorious and appropriate for class treatment, including where, as here, powder-based protein products are sold in significantly empty containers. *See, e.g., Winkelbauer v. Orgain Mgmt. et. al*, Case No. 20STCV44583 (L.A.S.C. May 20, 2021) (demurrer to claims involving slack-filled protein powder products overruled); *Barrett v. The Kroger Co.*, Case No. 21STCV14122 (L.A.S.C. October 8, 2021) (same); *Barrett v. Optimum Nutrition*, Case No. 2:21-cv-04398-

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

DMG-SK (C.D. Cal. Jan. 12, 2022) (FRCP 12(b)(6) motion to dismiss slack-filled protein powder claims denied); *Padilla v. The Whitewave Foods Co., et. al.*, Case No. 2:18-cv-09327-JAK-JC (C.D. Cal. July 26, 2019) (FRCP 12(b)(6) motion to dismiss slack-filled supplement container claims denied); *Matic v. United States Nutrition, Inc.*, Case No. 2:18-cv-09592-PSG-AFM (C.D. Cal. Mar. 27, 2019) (FRCP 12(b)(6) (motion to dismiss slack-filled supplement container claims denied); *Merry, et al. v. International Coffee & Tea, LLC dba The Coffee Bean*, Case No. CIVDS1920749 (San Bernardino Superior Court Jan. 27, 2020) (demurrer to slack-filled powder container claims overruled); *Coleman v. Mondelez Int'l Inc.*, Case No. 2:20-cv-08100-FMO-AFM (C.D. Cal. July 26, 2021) (FRCP 12(b)(6) motion to dismiss slack-filled Swedish Fish® candy box claims denied); *Iglesias v. Ferrara Candy Co.*, Case No. 3:17-cv-00849-VC (N.D. Cal. July 25, 2017) (FRCP 12(b)(6) motion to dismiss slack-filled Jujyfruits® and Lemonhead® candy box claims denied and nationwide settlement class certified) (cert. granted Oct. 31, 2018); *Tsuchiyama v. Taste of Nature, Inc.*, Case No. BC651252 (L.A.S.C. Feb. 28, 2018) (motion for judgment on the pleadings involving slack-filled Cookie Dough Bites® candy box claims denied and nationwide settlement subsequently certified through Missouri court); *Gordon v. Tootsie Roll Industries, Inc.*, Case No. 2:17-cv-02664-DSF-MRW (C.D. Cal. Oct. 4, 2017) (FRCP 12(b)(6) motions to dismiss slack-filled Junior Mints® and Sugar Babies® candy box claims denied); *Escobar v. Just Born, Inc.*, Case No. 2:17-cv-01826-BRO-PJW (C.D. Cal. June 12, 2017) (FRCP 12(b)(6) motion to dismiss slack-filled Mike N' Ike® and Hot Tamales® candy box claims denied, and California class action certified over opposition) (cert. granted June 19, 2019); *Thomas v. Nestle USA, Inc.*, Cal. Sup. Case No. BC649863 (April 29, 2020) (certifying as a class action, over opposition, slack-fill claims brought under California consumer protection laws).

///

///

**PARTIES**

12.   **Plaintiff.** Plaintiff John Nahra currently resides in Maryland. Plaintiff was, at all times relevant hereto, a citizen of California residing in the county of Los Angeles. Plaintiff made a one-time purchase of Defendant's Dippin' Dots Banana Split Farm Fed Protein Product from a Vitamin Shoppe in Los Angeles, California in early 2022. Plaintiff paid approximately $52.99 for the Product. In making his purchase, Plaintiff relied upon the opaque packaging, including the size of the container, which was prepared and approved by Defendant and its agents and disseminated statewide and nationwide, as well as designed to encourage consumers like Plaintiff to purchase the Products. Plaintiff understood the size of the container to indicate the amount of powder contained in it was commensurate with the size of the container. He would not have purchased the Product, or would not have paid a premium for the Product, had he known that the Product was significantly underfilled. Plaintiff wishes to purchase the Product again in the future if the amount of powder inside were congruent with the size of the package.

13.   **Defendant.** Defendant, Axe And Sledge Supplements Inc., is a Pennsylvania corporation headquartered in Pittsburgh, Pennsylvania. Defendant maintains its principal place of business at 1909 New Texas Road Pittsburgh, PA 15239. Defendant, directly and through its agents, conducts business nationwide. Defendant has substantial contacts with and receives substantial benefits and income from and through the State of California. Defendant is the owner, manufacturer, and distributor of the Products, and is the company that created and/or authorized the false, misleading, and deceptive packaging for the Products.

14.   In committing the wrongful acts alleged herein, Defendant planned and participated in and furthered a common scheme by means of false, misleading, deceptive, and fraudulent representations to induce members of the public to purchase the Products. Defendant participated in the making of such representations in that it did disseminate or cause to be disseminated said misrepresentations.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

15.     Defendant, upon becoming involved with the manufacture, advertising, and sale of the Products, knew or should have known that its advertising of the Products' packaging was false, deceptive, misleading, unfair, unlawful, and fraudulent. Since introducing the Products into the marketplace, Defendant has affirmatively misrepresented the amount of powder product contained in the Products' containers in order to convince consumers to purchase and use the Products, resulting in profits of millions of dollars or more to Defendant, all to the damage and detriment of the consuming public and fair competition.

16.     Defendant created and perpetuates the falsehood that the Products' packaging contains an amount of powder commensurate with the size of the container, though they actually contain approximately 43% nonfunctional, unlawful slack-fill. As a result, Defendant's consistent and uniform advertising claims about the Products are false, misleading, and/or likely to deceive in violation of California and federal packaging and advertising laws.

## JURISDICTION

17.     The Court has subject matter jurisdiction of this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §1332 because there: (i) are 100 or more class members, (ii) is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) is minimal diversity because at least one Plaintiff and Defendant are citizens of different states. This Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. §1367.

18.     Defendant is subject to personal jurisdiction in California based upon sufficient minimum contacts which exist between Defendant and California. Defendant is authorized to do and is doing business in California.

## VENUE

19.     Pursuant to 28 U.S.C. §1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in Los Angeles County. Plaintiff, at all times relevant

CLASS ACTION COMPLAINT

hereto, was a citizen of California residing in Los Angeles County; Defendant made the misrepresentation to Plaintiff in Los Angeles County; Plaintiff purchased the Product in Los Angeles County; and Plaintiff consumed the Product within Los Angeles County. Moreover, Defendant receives substantial compensation from sales in Los Angeles County, and Defendant made numerous misrepresentations in its packaging and advertising that had a substantial effect in Los Angeles County.

## FACTUAL ALLEGATIONS

### A.   The Size of the Products' Packaging Matters to Consumers

20.    The amount of product inside any product packaging is material to any consumer seeking to purchase that product. The average consumer spends only 13 seconds deciding whether to make an in-store purchase;[1] this decision is heavily dependent on a product's packaging, including the package dimensions. Research has demonstrated that packages that seem larger are more likely to be purchased, because consumers expect package size to accurately represent the quantity of the good being purchased.[2]

21.    Accordingly, Defendant concocted its deceptive slack fill scam to leverage this known consumer behavior, by choosing an oversized container for its Products to convey to consumers that they are receiving a certain and substantial amount of powder product commensurate with the size of the container. Such representations constitute an express warranty regarding the Products' content.

### B.   The Products Are Deceptive to Reasonable Consumers

22.    Slack-fill is the difference between the actual capacity of a container and the volume of product contained therein. Nonfunctional slack-fill is the empty space in a package that is filled to less than its capacity for illegitimate or unlawful reasons.

---

[1] Randall Beard, *Make the Most of Your Brand's 20-Second Window*, NIELSEN, Jan. 13, 2015, https://www.nielsen.com/us/en/insights/article/2015/make-the-most-of-your-brands-20-second-windown./.

[2] P. Raghubir & A. Krishna, *Vital Dimensions in Volume Perception: Can the Eye Fool the Stomach?*, 36 J. MARKETING RESEARCH 313-326 (1999).

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

23.     Defendant falsely represents the quantity of product in each of the Products' opaque containers through its packaging. The size of each container leads the reasonable consumer to believe he or she is purchasing a container full of powder product when, in reality, what he or she actually receives is about 43% less than what is represented by the size of the container. Almost half the container is empty.

24.     Even if Plaintiff and other reasonable consumers of the Products had a reasonable opportunity to review, prior to the point of sale, other representations of quantity, such as net weight or serving disclosures, they did not and would not have reasonably understood or expected such representations to translate to a quantity of powder product meaningfully different from their expectation of an amount of powder commensurate with the size of the container.

25.     Unlike products that are traditional, countable goods, reasonable consumers are not able to fully assess the quantity of powder they are purchasing by doing computations based on net weight and serving disclosures and translating that information into an expected quantity of powder.

26.     Instead, reasonable consumers rely on the size of the Products' containers, which provide a much more salient and efficient means of assessing the amount of powder they are purchasing.

27.     Disclosures of net weight and serving sizes in ounces or grams do not allow the reasonable consumer to make any meaningful conclusions about the quantity of powder contained in the Products' containers that would be different from the reasonable consumer's expectation that the quantity of powder is commensurate with the size of the container.

28.     The other information that Defendant provides about the quantity of powder on the front and back labels of the Products do not enable reasonable consumers to form any meaningful understanding about how to gauge the quantity of contents of the Products as compared to the size of the container itself. For

CLASS ACTION COMPLAINT

instance, the front of the Products' packaging does not have any label that would provide Plaintiff with any meaningful insight as to the amount of powder to be expected, such as a fill line or other graphic depicting the fill level.

29.    Prior to the point of sale, the Products' packaging does not allow for a visual or audial confirmation of the contents of the Products. The Products' opaque packaging prevents a consumer from observing the contents before opening. Even if a reasonable consumer were to "shake" the Products before opening the container, the reasonable consumer would not be able to discern the presence of any nonfunctional slack-fill, let alone the significant amount of nonfunctional slack-fill that is present in the Products.

30.    Plaintiff would not have purchased the Product had he known that the Product contained slack-fill that serves no functional or lawful purpose.

31.    Defendant intended for Plaintiff and the Class members to be misled. Defendant's misleading and deceptive practices proximately caused harm to Plaintiff and the Class, as well as Defendant's lawfully acting competitors.

**C.    None of the Slack-Fill Statutory Exceptions Apply to the Products**

32.    Pursuant to 21 C.F.R. § 100.100, "a food shall be deemed to be misbranded if its container is so made, formed, or filled as to be misleading." An opaque container "shall be considered to be filled as to be misleading if it contains nonfunctional slack-fill." *Id.* Nonfunctional slack-fill is empty space within packaging that is filled to less than its capacity for reasons other than provided for in the enumerated slack-fill exceptions.

**1.    21 C.F.R. 100.100(a)(1) – Protection of the Contents**

33.    The slack-fill in the Products' containers does not protect the contents of the packages. In fact, because the product is a powder, rather than an inherently fragile good, there is no need to protect the product with the slack-fill present.

34.    If the amount of powder in each container was commensurate with the size of the container, as reasonable consumers expect, then the powder would have

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

less room to move around during shipping and handling and would be less likely to sustain damage.

## 2.   21 C.F.R. 100.100(a)(2) – Requirements of the Machines

35.   The machines used to package the Products would not be affected if there was more powder product added. At most, a simple recalibration of the machines would be required. Upon information and belief, adjusting these machines is rather simple.

36.   Because the packages are filled to about half of their capacity, Defendant can increase the Products' fill level significantly without affecting how the containers are sealed. Alternatively, Defendant can decrease the container size to match the amount of powder, or it can disclose clearly and conspicuously the fill-level on the outside labeling to inform consumers of the amount of powder product actually in the container.

## 3.   21 C.F.R. 100.100(a)(3) – Settling During Shipping and Handling

37.   The slack-fill present in the Products' containers is not a result of the powder product settling during shipping and handling. Given the Products' density, shape, and composition, any settling occurs immediately at the point of fill. No measurable product settling occurs during subsequent shipping and handling.

38.   Even if *some* product settling may occur, there is no lawful reason the Products' containers are nearly half empty, when competitor products—such as the SuperiorSource product below—which have similar product density, shape, and composition as Defendant's product, are filled nearly 90% full.

## 4.   21 C.F.R. 100.100(a)(4) – Specific Function of Package

39.   The packages do not perform a specific function that necessitates the slack-fill. This safe harbor would only apply if a specific function were "inherent to the nature of the food and clearly communicated to consumers." The packages do not perform a function that is inherent to the nature of the food. Powder products can be held in many other kinds of containers, such as bags. The drinks made from

CLASS ACTION COMPLAINT

the powder are also not prepared inside the container. Defendant did not otherwise communicate a specific function to consumers, further making this provision inapplicable.

**5.     21 C.F.R. 100.100(a)(5) – Reusable Container**

40.     The Products' packaging is not reusable or of any significant value to the Products independent of its function to hold the powder product. The Products' plastic containers are intended to be discarded immediately after the powder product is used.

**6.     21 C.F.R. 100.100(a)(6) – Inability to Increase Fill or Decrease Container Size**

41.     The slack-fill present in the Products' containers does not accommodate required labeling, discourage pilfering, facilitate handling, or prevent tampering.

42.     Defendant can easily increase the quantity of powder in each container (or, alternatively, decrease the size of the containers) by approximately 43% more volume.

43.     Because none of the statutory exceptions apply to the Products' packaging, the packages contain nonfunctional slack-fill in violation of 21 C.F.R. 100.100 and are, therefore, filled as to be misleading. Plaintiff shall proffer expert testimony to establish these facts once this case reaches the merits more definitively.

**D.     Comparator Products Serve as Additional Evidence of Nonfunctional Slack-Fill**

44.     Contrast the Products' packaging with a comparator product, such as SuperiorSource Keto Collagen, which is also packaged in an opaque container. The SuperiorSource container measures to a vertical height of approximately 7 inches. The container is filled with product to a height of approximately 6.3 inches. Therefore, this product is approximately 90% filled with a similar powder product. Below is a true and correct image of the comparator product. The red line represents the actual fill line, below which is product, and above which is nonfunctional empty

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

space:



45.    The SuperiorSource packaging provides additional evidence that the slack-fill present in the Products' packaging is nonfunctional.

46.    The SuperiorSource packaging provides additional evidence that the slack-fill in the Products is not necessary to protect and, in fact, does not protect, the contents of the Products; is not a requirement of the machines used for enclosing the contents of the Products; is not a result of unavoidable product settling during shipping and handling; is not needed to perform a specific function; and is not part of a legitimate reusable container.

47.    The SuperiorSource packaging provides additional evidence that Defendant is able to increase the level of fill inside the Products' containers.

48.    The SuperiorSource packaging provides additional evidence that Defendant has reasonable alternative designs available to it in its packaging of the Products.

///

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

49.     Plaintiff did not expect that the Product would contain nonfunctional slack-fill, especially given that nonfunctional slack-fill, as opposed to functional slack-fill, is prohibited by federal law as well as California law.

50.     The slack-fill contained in the Products does not serve a legitimate or lawful purpose.

51.     The Products are made, formed, and filled so as to be misleading. The Products are, therefore, misbranded.

**E.     Defendant's Conduct Harms Consumers and Threatens Fair Competition**

52.     **Reasonable Consumer's Perception.** Defendant's practice of selling the Products in oversized, misleading packaging is a pervasive scheme which leads reasonable consumers, like Plaintiff, into believing that the Products conform to the Defendant's misrepresentation—meaning, consumers are led to believe that they are purchasing a quantity of product commensurate with the size of the container they select.

53.     **Reliance.** During the course of its false, misleading, and deceptive advertising scheme, Defendant has sold tens of thousands of units, if not more, based on Defendant's misrepresentations. Plaintiff and the Class relied on the size of the containers as a proxy for the amount of powder contained therein and, had they known the Products were nearly half-empty, they would not have purchased the Products or would have paid significantly less for them. Therefore, Plaintiff and the class suffered injury in fact and lost money as a result of Defendant's misrepresentations.

54.     **Fair Competition.** Defendant's conduct threatens consumers by using deceptive and misleading packaging to convince them to purchase the Products for a premium. Defendant's conduct also threatens other companies, large and small, who "play by the rules," by giving Defendant a competitive advantage in the marketplace. Defendant benefits from increased sales by representing to consumers that the Products' containers are adequately filled, while simultaneously cutting

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

costs by underfilling the containers by approximately 43%. Defendant's conduct therefore stifles competition, has a negative impact on the marketplace, and reduces consumer choice.

55. **No Legitimate Business Reason.** There is no legitimate reason for Defendant's false and misleading representations as to the quantity of powder the Products contain, other than to mislead consumers as to the actual quantity of powder contained therein and obtain a competitive advantage over competitors. Based on Defendant's misrepresentations, consumers purchase the Products over Defendant's competitors, incorrectly believing they are adequately filled, thus providing Defendant with a financial windfall.

**F.    The Products are Substantially Similar**

56. **The Products**. Defendant's slack-fill scam extends to all flavors, sizes, and varieties of Axe And Sledge Powder Products sold in opaque containers. The Products include, without limitation, Axe And Sledge Farm Fed Grass Fed Whey Protein Isolate (Banana Split Ice Cream), Axe And Sledge Farm Fed Grass Fed Whey Protein Isolate (Strawberry Ice Cream), Axe And Sledge Farm Fed Grass Fed Whey Protein Isolate (Glazed Donut), Axe And Sledge Farm Fed Grass Fed Whey Protein Isolate (Vanilla Milkshake), Axe And Sledge Farm Fed Grass Fed Whey Protein Isolate (Chocolate Milkshake), Axe And Sledge Farm Fed Grass Fed Whey Protein Isolate (Salted Caramel), Axe And Sledge Home Made Meal Replacement with Real Whole Foods (Chocolate Brownie), Axe And Sledge Home Made Meal Replacement with Real Whole Foods (Peanut Butter Cookie), Axe And Sledge Home Made Meal Replacement with Real Whole Foods (Sweet Potato Pie), Axe And Sledge Home Made Meal Replacement with Real Whole Foods (Blueberry Muffin), and Axe And Sledge Home Made Meal Replacement with Real Whole Foods (Lemon Cream Pie).

57. As described herein, Plaintiff purchased the Farm Fed Grass Fed Whey Protein Isolate Banana Split Ice Cream Product (the "Purchased Product"). The

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

additional Products (collectively, the "Unpurchased Products") are substantially similar to the Purchased Product.

    a. **Defendant.** All Products are manufactured, sold, marketed, advertised, and packaged by Defendant.

    b. **Brand.** All Products are sold under the same brand name: Axe And Sledge Supplements.

    c. **Purpose.** All Products are powder beverage mixes intended for human consumption.

    d. **Ingredients.** All Products are made from largely the same ingredients or types of ingredients, predominantly whey protein isolate as well as natural and artificial flavors, processed in the same or similar manner, and manufactured into the finished Products in the same or similar manner. *See* Exhibit 2 [Ingredient Disclosures].

    e. **Marketing Demographics.** All Products are marketed directly to consumers for personal consumption. In particular, the Products are manufactured and marketed as workout supplements for use in conjunction with an exercise routine.

    f. **Packaging.** All Products are packaged in the same opaque, oversized, and under-filled containers intended to mislead consumers to believe the products are adequately filled and contain a quantity of powder commensurate with the size of the container.

    g. **Misleading Effect.** The misleading effect of the Products' packaging on consumers is the same for all Products—consumers over-pay for the Products believing that they are purchasing Products that are adequately filled when, in reality, the Products contain approximately 43% nonfunctional slack-fill.

///

///

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

## NO ADEQUATE REMEDY AT LAW

58.     Plaintiff and members of the Class are entitled to equitable relief, as no adequate remedy at law exists.

a. **Broader Statutes of Limitations.**  The statutes of limitations for the causes of action pled herein vary. The limitations period is four years for claims brought under the UCL, which is one year longer than the statutes of limitations under the FAL and CLRA. In addition, the statutes of limitations vary for certain states' laws for breach of warranty and unjust enrichment/restitution, between approximately 2 and 6 years. Thus, California Subclass members who purchased the Products more than 3 years prior to the filing of the complaint will be barred from recovery if equitable relief were not permitted under the UCL.  Similarly, Nationwide Class members who purchased the Products prior to the furthest reach-back under the statute of limitations for breach of warranty, will be barred from recovery if equitable relief were not permitted for restitution/unjust enrichment.

b. **Broader Scope of Conduct.**  In addition, the scope of actionable misconduct under the unfair prong of the UCL is broader than the other causes of action asserted herein.  It includes, for example, Defendant's overall unfair marketing scheme to promote and brand the Products as adequately filled, across a multitude of media platforms, including the Products' labels and packaging, over a long period of time, in order to gain an unfair advantage over competitor products and to take advantage of consumers' desire for products that are adequately filled. Plaintiff and California Subclass members may be entitled to restitution under the UCL, while not entitled to damages under other causes of action asserted herein (e.g., the FAL requires actual or constructive knowledge of the falsity; the CLRA is

limited to certain types of plaintiffs (an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes) and other statutorily enumerated conduct). Similarly, unjust enrichment/restitution is broader than breach of warranty. For example, in some states, breach of warranty may require privity of contract or pre-lawsuit notice, which are not typically required to establish unjust enrichment/restitution.  Thus, Plaintiff and Class members may be entitled to recover under unjust enrichment/restitution, while not entitled to damages under breach of warranty, because they purchased the products from third-party retailers or did not provide adequate notice of a breach prior to the commencement of this action.

c. **Broader Scope of Relief.**  The UCL provides for only restitutionary and injunctive relief, whereas the CLRA also provides for monetary damages. In many cases, liability under the two statutes will involve the same facts and elements. But here, Plaintiff predicates his UCL unlawful claim on a specific statutory provision, 21 C.F.R. 100.100, which prohibits nonfunctional slack-fill. Plaintiff may be able to prove the more straightforward factual elements in 21 C.F.R. 100.100, and thus prevail under the UCL, while still being unable to convince a jury of the more subjective claim that members of the public are likely to be deceived, and therefore fail with respect to his CLRA claim for damages. *See, e.g.*, *Ostrovskaya v. St. John Knits, Inc.*, 2022 U.S. Dist. LEXIS 100861, at *11-12 (C.D. Cal. Mar. 31, 2022).

d. **Injunctive Relief to Cease Misconduct and Dispel Misperception.** Injunctive relief is appropriate on behalf of Plaintiff and members of the Class because reasonable consumers expect the Products'

containers to hold an amount of product commensurate with their size, but Defendant fills their opaque containers with far less product than a reasonable consumer would expect. Injunctive relief is necessary to prevent Defendant from continuing to engage in the unfair, fraudulent, and/or unlawful conduct described herein and to prevent future harm—none of which can be achieved through available legal remedies (such as monetary damages to compensate past harm). Further, injunctive relief, in the form of affirmative disclosures, is necessary to dispel the public misperception about the Products that has resulted from years of Defendant's unfair, fraudulent, and unlawful marketing efforts. Such disclosures would include, but are not limited to, publicly disseminated statements that the Products are not adequately filled and providing accurate information about the Products' true nature; and/or requiring prominent qualifications and/or disclaimers on the Products' front labels concerning the Products' true nature.  An injunction requiring affirmative disclosures to dispel the public's misperception, and prevent the ongoing deception and repeat purchases based thereon, is also not available through a legal remedy (such as monetary damages). In addition, Plaintiff is *currently* unable to accurately quantify the damages caused by Defendant's future harm, because discovery and Plaintiff's investigation have not yet completed, rendering injunctive relief all the more necessary. For example, because the court has not yet certified any class, the following remains unknown: the scope of the class, the identities of its members, their respective purchasing practices, prices of past/future Product sales, and quantities of past/future Product sales.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

e. **Public Injunction.** Further, because a "public injunction" is available under the UCL, damages will not adequately "benefit the general public" in a manner equivalent to an injunction.

f. **California vs. Non-California Class Claims.** Violation of the UCL, FAL, and CLRA are claims asserted on behalf of Plaintiff and the California Subclass against Defendant, while the common law causes of action are asserted on behalf of Plaintiff and the Nationwide Class. Dismissal of farther-reaching remedies, such as restitution, would bar recovery for non-California members of the Class. In other words, legal remedies available or adequate under the California-specific causes of action (such as the CLRA) have no impact on this Court's jurisdiction to award equitable relief under the remaining causes of action asserted on behalf of non-California putative class members.

g. **Procedural Posture—Incomplete Discovery & Pre-Certification.** Lastly, this is an initial pleading in this action and discovery has not yet commenced and/or is at its initial stages. No class has been certified yet. No expert discovery has commenced and/or completed. The completion of fact/non-expert and expert discovery, as well as the certification of this case as a class action, are necessary to finalize and determine the adequacy and availability of all remedies, including legal and equitable, for Plaintiff's individual claims and any certified class. Plaintiff therefore reserves his right to amend this complaint and/or assert additional facts that demonstrate this Court's jurisdiction to order equitable remedies where no adequate legal remedies are available for either Plaintiff and/or any certified class. Such proof, to the extent necessary, will be presented prior to the trial of any equitable claims for relief and/or the entry of an order granting equitable relief.

**CLASS ACTION ALLEGATIONS**

59.     **Class Definition.** Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of himself and all others similarly situated, and as members of the Classes defined as follows:

> All residents of the United States who, within the applicable statute of limitations periods, purchased the Products for purposes other than resale ("**Nationwide Class**"); and

> All residents of California who, within four years prior to the filing of this Complaint, purchased the Products for purposes other than resale ("**California Subclass**").

("Nationwide Class" and "California Subclass," collectively, "**Class**").

60.     **Class Definition Exclusions.** Excluded from the Class are: (i) Defendant, its assigns, successors, employees, and legal representatives; (ii) any entities in which Defendant has controlling interests; (iii) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; and (iv) any judicial officer presiding over this matter and person within the third degree of consanguinity to such judicial officer.

61.     **Reservation of Rights to Amend the Class Definition.** Plaintiff reserves the right to amend or otherwise alter the class definition presented to the Court at the appropriate time in response to facts learned through discovery, legal arguments advanced by Defendant, or otherwise.

62.     **Numerosity.** Members of the Class are so numerous that joinder of all members is impracticable. Upon information and belief, the Nationwide Class consists of tens of thousands of purchasers (if not more) dispersed throughout the United States, and the California Subclass likewise consists of thousands of purchasers (if not more) dispersed throughout the State of California. Accordingly, it would be impracticable to join all members of the Class before the Court.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

63. **Common Questions Predominate.** There are numerous and substantial questions of law or fact common to all members of the Class that predominate over any individual issues. Common questions of law and fact include, but are not limited to, the following:

   a. The true nature and amount of product contained in each Product's packaging;

   b. Whether the packaging, labeling, and other promotional materials for the Products are deceptive;

   c. Whether Defendant misrepresented the approval of the FDA, United States Congress, and California Legislature that the Products' packaging complied with federal and California slack-fill regulations and statutes;

   d. Whether the Products contain nonfunctional slack-fill in violation of 21 C.F.R. Section 100.100, *et seq.*;

   e. Whether Defendant's conduct is an unlawful business act or practice within the meaning of Business and Professions Code section 17200, *et seq.*;

   f. Whether Defendant's conduct is a fraudulent business act or practice within the meaning of Business and Professions Code section 17200, *et seq.*;

   g. Whether Defendant's conduct is an unfair business act or practice within the meaning of Business and Professions Code section 17200, *et seq.*;

   h. Whether Defendant's advertising is untrue or misleading within the meaning of Business and Professions Code section 17500, *et seq.*;

   i. Whether Defendant made false and misleading representations in its advertising and labeling of the Products;

   j. Whether Defendant knew or should have known that the representations were false;

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

k.  Whether Plaintiff and the Class paid more money for the Products than they actually received;

l.  How much more money Plaintiff and the Class paid for the Products than they actually received;

m.  Whether Defendant's conduct constitutes common law fraud;

n.  Whether Plaintiff and the Class are entitled to injunctive relief; and

o.  Whether Defendant was unjustly enriched at the expense of Plaintiff and the Class;

64.  **Typicality.** Plaintiff's claims are typical of the claims of the Class Members they seek to represent because Plaintiff, like the Class Members, purchased Defendant's misleading and deceptive Products. Defendant's unlawful, unfair and/or fraudulent actions concern the same business practices described herein irrespective of where they occurred or were experienced. Plaintiff and the Class sustained similar injuries arising out of Defendant's conduct. Plaintiff's and Class Members' claims arise from the same practices and course of conduct and are based on the same legal theories.

65.  **Adequacy.** Plaintiff is an adequate representative of the Class he seeks to represent because his interests do not conflict with the interests of the Class he seeks to represent. Plaintiff will fairly and adequately protect Class Members' interests and has retained counsel experienced and competent in the prosecution of complex class actions, including complex questions that arise in consumer protection litigation. For example, Plaintiff's Counsel was the first law firm to successfully certify over opposition a slack-fill lawsuit (twice in 2019 and 2020, respectively).

66.  **Superiority and Substantial Benefit.** A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impracticable and no other group method of

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway | Malibu, CA 90265

adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

    a. The claims presented in this case predominate over any questions of law or fact, if any exist at all, affecting any individual member of the Class;

    b. Absent a Class, the members of the Class will continue to suffer damage and Defendant's unlawful conduct will continue without remedy while Defendant profits from and enjoys its ill-gotten gains;

    c. Given the size of individual Class Members' claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendant committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

    d. When the liability of Defendant has been adjudicated, claims of all members of the Class can be administered efficiently and/or determined uniformly by the Court; and

    e. This action presents no difficulty that would impede its management by the Court as a class action, which is the best available means by which Plaintiff and Class Members can seek redress for the harm caused to them by Defendant.

67. **Inconsistent Rulings.** Because Plaintiff seeks relief for all members of the Class, the prosecution of separate actions by individual members would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendant.

68. **Injunctive/Equitable Relief.** The prerequisites to maintaining a class action for injunctive or equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) are met, as Defendant has acted or refused to act on grounds generally applicable to the

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

1  Class, thereby making appropriate final injunctive or equitable relief with respect to
2  the Class as a whole.

3      69.     **Manageability.** Plaintiff and Plaintiff's counsel are unaware of any
4  difficulties that are likely to be encountered in the management of this action that
5  would preclude its maintenance as a class action.

**COUNT ONE**

**Violation of California Unfair Competition Law**

**California Business & Professions Code § 17200, *et seq*.**

***(On Behalf of the California Subclass)***

10     70.     **Incorporation by Reference.** Plaintiff repeats and realleges the
11  allegations set forth in the preceding paragraphs and incorporates the same as if set
12  forth herein at length.

13     71.     **California Subclass.** Plaintiff brings this cause of action pursuant to
14  Business and Professions Code Section 17200, *et seq*., individually and on behalf of
15  the California Subclass.

16     72.     **FDCA.** Congress passed the Federal Food, Drug, and Cosmetic Act
17  ("FDCA"), and in so doing established the Federal Food and Drug Administration
18  ("FDA") to "promote the public health" by ensuring that "foods are safe,
19  wholesome, sanitary, and properly labeled." 21 U.S.C. §393.

20     73.     The FDA has implemented regulations to achieve this objective. *See,*
21  *e.g.*, 21 C.F.R. § 101.1 *et seq*.

22     74.     The legislature of California has incorporated 21 C.F.R. Section
23  100.100, which prohibits nonfunctional slack-fill, into the State's Business and
24  Professions Code Section 12606.2 *et seq*.

25     75.     The FDA enforces the FDCA and accompanying regulations; "[t]here is
26  no private right of action under the FDCA." *Ivie v. Kraft Foods Global, Inc.,* 2013
27  U.S. Dist. LEXIS 25615,2013 WL 685372, at *1 (internal citations omitted).

28

27

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

76.    In 1990, Congress passed an amendment to the FDCA, the Nutrition Labeling and Education Act ("NLEA"), which imposed a number of requirements specifically governing food nutritional content labeling. *See, e.g.*, 21 U.S.C. § 343 *et. seq.*

77.    Plaintiff is not suing under the FDCA, but under California state law.

78.    **Sherman Law.** The California Sherman Food, Drug, and Cosmetic Act ("Sherman Law"), Cal. Health & Safety Code Section 109875 *et seq.*, has adopted wholesale the food labeling requirements of the FDCA and NLEA as the food regulations of California. Cal. Health & Safety Code Section 110100.

79.    The Sherman Law declares any food to be misbranded if it is false or misleading in any particular, or if the labeling does not conform with the requirements for nutrition labeling set forth in certain provisions of the NLEA. Cal. Health & Safety Code Sections 110660, 110665, 110670.

80.    **The UCL.** California Business & Professions Code, Sections 17200, *et seq.* (the **"UCL"**) prohibits unfair competition and provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising."

### A. "Unfair" Prong

81.    **Unfair Standard.** Under California's Unfair Competition Law, Cal. Bus. & Prof. Code Section 17200, *et seq.*, a challenged activity is "unfair" when "any injury it causes outweighs any benefits provided to consumers and the injury is one that the consumers themselves could not reasonably avoid." *Camacho v. Auto Club of Southern California*, 142 Cal. App. 4th 1394, 1403 (2006).

82.    **Injury.** Defendant's action of leaving 43% nonfunctional slack-fill in its Products does not confer any benefit to consumers.

83.    Defendant's action of leaving 43% nonfunctional slack-fill in its Products causes injuries to consumers, who do not receive a quantity of product commensurate with their reasonable expectations.

84.     Defendant's action of leaving 43% nonfunctional slack-fill in its Products causes injuries to consumers, who do not receive a level of protein or other nutrients consistent with Defendant's representations and commensurate with their reasonable expectations.

85.     Defendant's action of leaving 43% nonfunctional slack-fill in its Products causes injuries to consumers, who end up overpaying for the Products and receiving a quantity of protein powder less than what they expected to receive.

86.     Consumers cannot avoid any of the injuries caused by the 43% nonfunctional slack-fill in Defendant's Products.

87.     Accordingly, the injuries caused by Defendant's inclusion of 43% nonfunctional slack-fill in the Products outweigh any benefits.

88.     **Balancing Test.** Some courts conduct a balancing test to decide if a challenged activity amounts to unfair conduct under California Business and Professions Code Section 17200. They "weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1169 (9th Cir. 2012).

89.     **No Utility.** Here, Defendant's conduct of including 43% nonfunctional slack-fill in the Products' packaging has no utility and financially harms purchasers. Thus, the utility of Defendant's conduct is vastly outweighed by the gravity of harm.

90.     **Legislative Declared Policy.** Some courts require that "unfairness must be tethered to some legislative declared policy or proof of some actual or threatened impact on competition." *Lozano v. AT&T Wireless Servs. Inc.*, 504 F. 3d 718, 735 (9th Cir. 2007).

91.     The California legislature maintains a declared policy of prohibiting nonfunctional slack-fill in consumer goods, as reflected in California Business and Professions Code Section 12606.2 and California Health and Safety Code Section 110100.

92.    The approximately 43% nonfunctional slack-fill contained in the Products is tethered to a legislative policy declared in California according to Cal. Business and Professions Code Section 12606.2 and Cal. Health & Safety Code Section 110100.

93.    **Unfair Conduct.** Defendant's packaging of the Products, as alleged herein, is false, deceptive, misleading, and unreasonable, and constitutes unfair conduct.

94.    Defendant knew or should have known of its unfair conduct.

95.    As alleged herein, the misrepresentations by Defendant detailed above constitute an unfair business practice within the meaning of California Business and Professions Code Section 17200.

96.    **Reasonably Available Alternatives.** There existed reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Defendant could have used packaging appropriate for the amount of powder product contained within the Products. Defendant also could have included a clear and conspicuous visual representation of fill level on the Products' front label to reasonably apprise consumers of the quantity of product contained therein.

97.    **Ongoing Business Practice.** All of the conduct alleged herein occurs and continues to occur in Defendant's business. Defendant's unfair conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

98.    **Causation/Damages.** Plaintiff and the California Subclass have suffered injury in fact and have lost money as a result of Defendant's unfair conduct. Plaintiff paid an unwarranted premium for this product. Specifically, Plaintiff paid for powder product they never received. Plaintiff would not have purchased, or would have paid substantially less for, the Products if they had known that the Products' packaging contained nonfunctional slack-fill.

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

## B. "Fraudulent" Prong

99.  **Fraud Standard.** California Business and Professions Code Section 17200, et seq., considers conduct fraudulent and prohibits said conduct if it is likely to deceive members of the public. *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1267 (1992).

100.  **Fraudulent Business Practice.** Defendant's conduct of packaging the Products with 43% nonfunctional slack-fill is likely to deceive members of the public.

101.  Defendant's packaging of the Products, as alleged herein, is false, deceptive, misleading, and unreasonable, and constitutes fraudulent conduct.

102.  Defendant knew or should have known of their fraudulent conduct.

103.  As alleged herein, the misrepresentations by Defendant constitute a fraudulent business practice in violation of California Business & Professions Code Section 17200.

104.  **Reasonable and Detrimental Reliance.** Plaintiff and the California Subclass reasonably and detrimentally relied on Defendant's false and misleading representations to their detriment in that they purchased the Products.

105.  **Reasonably Available Alternatives.** Defendant had reasonably available alternatives to further its legitimate business interests, other than the conduct described herein. Defendant could have either used packaging appropriate for the amount of powder product contained therein or indicated how much powder the Products contained with a clear and conspicuous fill line or other visual representation of fill level.

106.  **Ongoing Business Practice.** All of the conduct alleged herein occurs and continues to occur in Defendant's business. Defendant's fraudulent conduct is part of a pattern or generalized course of conduct.

107.  **Causation/Damages.** Plaintiff and the California Subclass have suffered injury in fact and have lost money as a result of Defendant's fraudulent

conduct. Plaintiff paid an unwarranted premium for the Product. Specifically, Plaintiff paid for 43% of powder product he never received. Plaintiff would not have purchased the Products if he had known that the packaging contained nonfunctional slack-fill. Accordingly, Plaintiff seeks damages, restitution, and/or disgorgement of ill-gotten gains pursuant to the UCL.

### C. "Unlawful" Prong

108.  **Unlawful Standard.** California Business and Professions Code Section 17200, *et seq.*, identifies violations of other laws as "unlawful practices that the unfair competition law makes independently actionable." *Velazquez v. GMAC Mortg. Corp.,* 605 F. Supp. 2d 1049, 1068 (C.D. Cal. 2008).

109.  **Violations of CLRA and FAL and Slack-Fill Statute.**  Defendant's packaging of the Products, as alleged herein, violates the. CLRA, the FAL, and 21 C.F.R. Section 100.100.

110.  **Additional Violations.** Defendant's conduct in making the false representations described herein constitutes a knowing failure to adopt policies in accordance with and/or adherence to applicable laws, as set forth herein, all of which are binding upon and burdensome to their competitors. This conduct engenders an unfair competitive advantage for Defendant, thereby constituting an unfair, fraudulent and/or unlawful business practice under California Business & Professions Code Sections 17200-17208. Additionally, Defendant's misrepresentations of material facts, as set forth herein, violate California Civil Code Sections 1572, 1573, 1709, 1710, 1711, and 1770, as well as the common law.

111.  **Unlawful Conduct.** Defendant's packaging of the Products, as alleged herein, is false, deceptive, misleading, and unreasonable, and constitutes unlawful conduct.

112.  Defendant knows or should know of its unlawful conduct.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

113.   **Reasonably Available Alternatives.** Defendant had reasonably available alternatives to further its legitimate business interests, other than the fraudulent conduct described herein. Defendant could have either used packaging appropriate for the amount of powder product contained therein or indicated how much powder the Products contained with a clear and conspicuous fill line or other visual representation of fill level.

114.   **Ongoing Business Practice.** All of the conduct alleged herein occurred and continues to occur in Defendant's business. Defendant's unlawful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

115.   **Injury in Fact.** Plaintiff and the California Subclass have suffered injury in fact and have lost money as a result of Defendant's unlawful conduct. Plaintiff and the California Subclass paid an unwarranted premium for this Product. Specifically, Plaintiff paid for 43% of powder product he never received. Plaintiff would not have purchased the Product if he had known that the packaging contained nonfunctional slack-fill.

116.   **Causation/Damages.** Plaintiff seeks damages, restitution and/or disgorgement of ill-gotten gains pursuant to the UCL. Plaintiff and members of the California Subclass, pursuant to § 17203, are entitled to an order enjoining such future wrongful conduct on the part of Defendant and such other orders and judgments that may be necessary to disgorge Defendant's ill-gotten gains and to restore to any person in interest any money paid for the Products as a result of the wrongful conduct of Defendant.

117.   **Prejudgment Interest.** Pursuant to Civil Code § 3287(a), Plaintiff and the California Subclass are further entitled to prejudgment interest as a direct and proximate result of Defendant's unfair, fraudulent, and unlawful business conduct. The amount on which interest is to be calculated is a sum certain and capable of

calculation, and Plaintiff and the Class are entitled to interest in an amount according to proof.

## COUNT TWO

### False and Misleading Advertising in Violation of
### California Business and Professions Code § 17500, *et seq.*
### *(On Behalf of the California Subclass)*

118. **Incorporation by Reference.** Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

119. **California Subclass.** Plaintiff brings this claim individually and on behalf of the California Subclass who purchased the Products within the applicable statute of limitations.

120. **FAL Standard.** California's False Advertising Law, California Business and Professions Code Section 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, in any advertising device or in any other manner or means whatever, including over the Internet, any statement, concerning personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

121. **The Deceptive Misrepresentation.** Defendant's action of packaging the Products with 43% nonfunctional slack-fill instead of including more powder content in the container, or decreasing the size of the container, is likely to deceive the general public.

122. Defendant's actions were false and misleading, such that the general public is and was likely to be deceived, in violation of Section 17500.

123. **Knowledge.** Defendant knowingly manipulated the physical dimensions of the Products' containers, or stated another way, under-filled the

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway | Malibu, CA 90265

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

amount of powder product in the Products, by including approximately 43% slack-fill as a means to mislead the public about the amount of powder product contained in each package.

124.   Defendant controlled the packaging of the Products. It knew or should have known, through the exercise of reasonable care, that its representations about the quantity of powder product contained in the Products were untrue and misleading.

125.   **Causation/Damages.** Plaintiff and the California Subclass have suffered injury in fact and have lost money as a result of Defendant's false representations. Plaintiff purchased the Products in reliance upon Defendant's claims that the Products were of the quantity represented by Defendant's packaging and advertising. Plaintiff would not have purchased the Products if she had known that the packaging as alleged herein were false.

126.   As a direct and proximate result of Defendant's misconduct in violation of the FAL, Plaintiff and members of the California Subclass, pursuant to § 17535, are entitled to an order of this Court enjoining such future wrongful conduct on the part of Defendant, and requiring Defendant to disclose the true nature of its misrepresentations.

127.   Plaintiff and the California Subclass were harmed in the amount of the purchase price they paid for the Products. Further, Plaintiff and members of the California Subclass have suffered and continue to suffer economic losses and other damages including, but not limited to, the amounts paid for the Products, and any interest that would have accrued on those monies, in an amount to be proven at trial. Accordingly, Plaintiff seeks a monetary award for violation of the FAL in damages, restitution, and/or disgorgement of ill-gotten gains to compensate Plaintiff and the California Subclass for said monies, as well as injunctive relief to enjoin Defendant's misconduct to prevent ongoing and future harm that will result.

///

CLASS ACTION COMPLAINT

## COUNT THREE

**Violation of California Consumers Legal Remedies Act,**

**California Civil Code § 1750,** *et seq.*

***(On Behalf of the California Subclass)***

128.   **Incorporation by Reference.** Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

129.   **California Subclass.** Plaintiff brings this claim individually and on behalf of the California Subclass who purchased the Products within the applicable statute of limitations.

130.   **CLRA Standard.** The CLRA provides in California Civil Code Section 1750 that "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful." (Civ. Code, § 1750.)

131.   **Goods/Services.** The Products are "goods," as defined by the CLRA in California Civil Code Section 1761(a).

132.   **Defendant.** Defendant is a "person," as defined by the CLRA in California Civil Code Section 1761(c).

133.   **Consumers.** Plaintiff and members of the California Subclass are "consumers," as defined by the CLRA in California Civil Code Section1761(d).

134.   **Transactions.** The purchase of the Products by Plaintiff and members of the California Subclass are "transactions" as defined by the CLRA under California Civil Code Section 1761(e).

135.   **Violations of the CLRA.** The practices alleged herein, specifically Defendant's packaging, advertising, and sale of the Products, were intended to result, and did result in the sale of the Products to the consuming public and

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

violated and continue to violate sections 1770(a)(2), 1770(a)(5), 1770(a)(7), and 1770(a)(9) of the CLRA:

   a. Section 1770(a)(2), by misrepresenting the approval of the Products as compliant with 21 C.F.R. Section 100.100 and the Sherman Law;

   b. 1770(a)(5), by representing the Products have characteristics and quantities that they do not have;

   c. 1770(a)(7), advertising and packaging the Products with intent not to sell them as advertised and packaged; and,

   d. 1770(a)(9) by representing that the Products have been supplied in accordance with a previous representation as to the quantity of powder contained within each container, when they have not.

136.   Defendant fraudulently, maliciously, and wantonly deceived Plaintiff and the California Subclass by representing that the Products' packaging, which includes 43% nonfunctional slack-fill, actually conforms to federal and California slack-fill regulations and statutes including the Sherman Law, California Business and Professions Code Section 12606.2, and 21 C.F.R. 100.100.

137.   Defendant packaged the Products in containers that contain approximately 43% nonfunctional slack-fill and made material misrepresentations to fraudulently deceive Plaintiff and the California Subclass.

138.   Defendant fraudulently, maliciously, and wantonly deceived Plaintiff and the California Subclass by misrepresenting the Products as having characteristics and quantities which they do not have, e.g., that the Products are free of nonfunctional slack-fill when they are not. In doing so, Defendant intentionally misrepresented and concealed material facts from Plaintiff and the California Subclass. Said misrepresentations and concealment were done with the intention of deceiving Plaintiff and the California Subclass and depriving them of their legal rights and money.

///

139.   Defendant fraudulently, maliciously, and wantonly deceived Plaintiff and the California Subclass by packaging and advertising the Products with intent not to sell them as advertised and by intentionally under-filling the Products' containers and replacing powder product with nonfunctional slack-fill. In doing so, Defendant intentionally misrepresented and concealed material facts from Plaintiff and the California Subclass. Said misrepresentations and concealment were done with the intention of deceiving Plaintiff and the California Subclass and depriving them of their legal rights and money.

140.   Defendant fraudulently, maliciously, and wantonly deceived Plaintiff and the California Subclass by representing that the Products were supplied in accordance with an accurate representation as to the quantity of powder product contained therein when they were not. Defendant presented the physical dimensions of the Products' packaging to Plaintiff and the California Subclass before the point of purchase and gave Plaintiff and the California Subclass a reasonable expectation that the quantity of product contained therein would be commensurate with the size of the packaging. In doing so, Defendant intentionally misrepresented and concealed material facts from Plaintiff and the California Subclass. Said misrepresentations and concealment were done with the intention of deceiving Plaintiff and the California Subclass and depriving them of their legal rights and money.

141.   **Knowledge.** Defendant knew or should have known, through the exercise of reasonable care, that the Products' packaging was misleading.

142.   Defendant's actions as alleged herein were done with conscious disregard of Plaintiff's rights, and Defendant was wanton and malicious in its concealment of the same.

143.   **Causation/Reliance/Materiality.** Defendant's packaging of the Products was a material factor in Plaintiff's and the California Subclass's decisions to purchase the Products. Based on Defendant's packaging of the Products, Plaintiff

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

and the California Subclass reasonably believed that they were getting more product than they received. Had they known the truth of the matter, Plaintiff and the California Subclass would not have purchased, or would have paid substantially less for, the Products.

144. **Injury in Fact.** Plaintiff and the California Subclass have suffered injury in fact and have lost money as a result of Defendant's unfair, unlawful, and fraudulent conduct. Specifically, Plaintiff paid for powder product he never received. Plaintiff would not have purchased, or would have paid substantially less for, the Products had they known the container contained nonfunctional slack-fill.

145. **Causation/Damages.**  As a direct and proximate result of Defendant's misconduct in violation of the CLRA, Plaintiff and members of the California Subclass were harmed in the amount of the purchase price they paid for the Products. Further, Plaintiff and members of the California Subclass have suffered and continue to suffer economic losses and other damages including, but not limited to, the amounts paid for the Products, and any interest that would have accrued on those monies, in an amount to be proven at trial. Accordingly, Plaintiff seeks a monetary award for violation of this Act in the form of damages, restitution, and/or disgorgement of ill-gotten gains to compensate Plaintiff and the California Subclass for said monies.

146. Plaintiff also respectfully requests that the court enjoin Defendant from continuing to employ the unlawful methods, acts, and practices alleged herein pursuant to § 1780(a)(2).

147. **Section 1782(d)—Prelitigation Demand/Notice.** Pursuant to California Civil Code, Section 1782, more than thirty days prior to the filing of this complaint, Plaintiff's counsel, acting on behalf of Plaintiff and all members of the California Subclass, mailed a demand letter dated July 12, 2022, via U.S. certified mail, return receipt requested, addressed to Defendant Axe And Sledge Supplements Inc. at its headquarters and principal place of business (1909 New

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway | Malibu, CA 90265

Texas Road Pittsburgh, PA 15239) and its registered agent for service of process (2652 Norma Drive, Lower Burrell, PA 15068).

## COUNT FOUR

### Breach of Warranty

### *(On Behalf of the Nationwide Class & California Subclass)*

148.   **Incorporation by Reference.** Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

149.   **Nationwide Class & California Subclass.** Plaintiff brings this claim individually and on behalf of the Nationwide Class and California Subclass against Defendant.

150.   **Express Warranty.** By packaging and selling the Products, Defendant made promises and affirmations of fact regarding the Products' packaging and fill level, as alleged herein. The Products' packaging constitutes an express warranty that the Products contain an amount of powder commensurate with the size of the container. This became part of the basis of the bargain between Plaintiff and members of the Class and Defendant.

151.   **Implied Warranty of Merchantability.** By packaging and selling the Products, Defendant, a merchant of goods, made promises and affirmations of fact that the Products are merchantable and conform to the promises or affirmations of fact made through the Products' packaging, as alleged herein. The Products' packaging, combined with the implied warranty of merchantability, creates warranties that became part of the basis of the bargain between Plaintiff and members of the Class and Defendant— namely, that the Products are adequately filled.

152.   **Breach of Warranty.** Contrary to Defendant's warranties, the Products do not contain an amount of powder commensurate with the size of the container;

rather, they contain approximately 43% nonfunctional slack-fill and, therefore, Defendant breached its warranty as to the Products and their qualities.

153. **Causation/Remedies.** As a direct and proximate result of Defendant's breach of warranty, Plaintiff and members of the Class were harmed in the amount of the purchase price they paid for the Products. Further, Plaintiff and members of the Class have suffered and continue to suffer economic losses and other damages including, but not limited to, the amounts paid for the Products, and any interest that would have accrued on those monies, in an amount to be proven at trial. Accordingly, Plaintiff seeks a monetary award for breach of warranty in the form of damages, restitution, and/or disgorgement of ill-gotten gains to compensate Plaintiff and the Class for said monies, as well as injunctive relief to enjoin Defendant's misconduct to prevent ongoing and future harm that will result.

**COUNT FIVE**

**Common Law Fraud**

***(On Behalf of the Nationwide Class & California Subclass)***

154. **Incorporation by Reference.** Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

155. **Nationwide Class & California Subclass.** Plaintiff brings this cause of action individually and on behalf of the Nationwide Class and California Subclass against Defendant.

156. **Fraud.** Defendant has willfully, falsely, and knowingly filled and packaged the Products in a manner indicating that the Products are filled with an amount of powder product commensurate with the size of the container. However, the Products contain significantly less powder product than advertised and instead contain approximately 43% nonfunctional slack-fill.

157. **Materiality.** Defendant's misrepresentations are and were material (i.e., the type of misrepresentations to which a reasonable person would attach

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway | Malibu, CA 90265

importance and would be induced to act thereon in making his or her purchase decision), because they relate to the quantity of powder product contained in the Products.

158.  **Knowledge.** Defendant knew of, or showed reckless disregard for, the fact that the Products contained a substantial amount of nonfunctional slack-fill.

159.  **Intentional.** Defendant intended for Plaintiff and the Class to rely on these representations, as evidenced by Defendant's intentional use of packaging that is substantially larger than necessary to hold the volume of powder product contained therein.

160.  **Reliance.** Plaintiff and the Class have reasonably and detrimentally relied on Defendant's misrepresentations when purchasing the Products and, had they known the truth, they would not have purchased the Products or would have paid significantly less for the Products.

161.  **Causation.** Therefore, as a direct and proximate result of Defendant's fraud, Plaintiff and members of the Class have suffered injury in fact.

<u>COUNT SIX</u>

**Intentional Misrepresentation**

***(On Behalf of the Nationwide Class & California Subclass)***

162.  **Incorporation by Reference.** Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

163.  **Nationwide Class & California Subclass.** Plaintiff brings this cause of action individually and on behalf of all members of the Nationwide Class and California Subclass against Defendant.

164.  **Misrepresentation.** Defendant has filled and packaged the Products in a manner indicating that the Products are filled with an amount of powder product commensurate with the size of the container. However, the Products contain significantly less powder product than advertised and instead contain approximately

CLASS ACTION COMPLAINT

43% nonfunctional slack-fill. Defendant misrepresents the quantity of powder product contained within the Products' packaging.

165.  **Materiality.** Defendant's misrepresentations regarding the Products are material to a reasonable consumer, as they relate to the quantity of product received by consumers. A reasonable consumer would attach importance to such representations and would be induced to act thereon in making his or her purchase decision.

166.  **Knowledge.** At all relevant times when such misrepresentations were made, Defendant knew or should have known that the representations were false and misleading.

167.  **Intentional.** Defendant intended for Plaintiff and the Class to rely on the size and style of the Products' packaging, as evidenced by Defendant's intentional manufacturing, marketing, and selling of packaging that is substantially larger than necessary to hold the volume of powder product contained therein.

168.  **Reliance.** Plaintiff and the Class reasonably and justifiably relied on Defendant's intentional misrepresentations when purchasing the Products, and had they known the truth, they would not have purchased the Products or would have purchased them at significantly lower prices.

169.  **Causation.** As a direct and proximate result of Defendant's intentional misrepresentations, Plaintiff and the Class have suffered injury in fact.

<u>**COUNT SEVEN**</u>

**Restitution Based on Quasi-Contract/Unjust Enrichment**
***(On Behalf of the Nationwide Class & California Subclass)***

170.  **Incorporation by Reference.** Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

171.  **Nationwide Class & California Subclass.** Plaintiff brings this claim individually and on behalf of the Nationwide Class and California Subclass against

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway | Malibu, CA 90265

Defendant.

172.  **Defendant's Unjust Receipt Through Deception.** By means of Defendant's wrongful conduct alleged herein, Defendant knowingly sold the Products to Plaintiff and members of the Class in a manner that was unfair, unconscionable, and oppressive.

173.  Defendant knowingly received and retained wrongful benefits and funds from Plaintiff and members of the Class. In so doing, Defendant acted with conscious disregard for the rights of Plaintiff and members of the Class.

174.  Defendant's knowing acceptance and retention of the benefit is inequitable and unjust because the benefit was obtained by Defendant's fraudulent, misleading, and deceptive representations and omissions.

175.  **Plaintiff/Class Conferred a Benefit.** By purchasing the Products, Plaintiff and members of the Class conferred a benefit on Defendant in the form of the purchase price of the Products.

176.  **Defendant's Knowledge of Conferred Benefit.** Defendant had knowledge of such benefit and Defendant appreciated the benefit because, were consumers not to purchase the Products, Defendant would not generate revenue from the sales of the Products.

177.  **Unjust Enrichment.** Under the common law doctrine of unjust enrichment, it is inequitable for Defendant to be permitted to retain the benefits they received, without justification, from selling the Products to Plaintiff and members of the Class in an unfair, unconscionable, and oppressive manner. Defendant's retention of such funds under such circumstances constitutes unjust enrichment.

178.  As a result of Defendant's wrongful conduct as alleged herein, Defendant has been unjustly enriched at the expense of, and to the detriment of, Plaintiff and members of the Class.

179.  Defendant's unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

CLASS ACTION COMPLAINT

180.   The financial benefits derived by Defendant rightfully belong to Plaintiff and members of the Class. Defendant should be compelled to return in a common fund for the benefit of Plaintiff and members of the Class all wrongful or inequitable proceeds received by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment and relief on all causes of action as follows:

A.   **Certification:** For an order certifying this action as a class action, appointing Plaintiff as the Class Representative, and appointing Plaintiff's Counsel as Class Counsel;

B.   **Declaratory Relief:** For an order declaring that Defendant's conduct violates the statutes and laws referenced herein;

C.   **Injunction:** For an order requiring Defendant to immediately cease and desist from selling the Products in violation of law; enjoining Defendant from continuing to market, advertise, distribute, and sell the Products in the unlawful manner described herein; requiring Defendant to engage in an affirmative advertising campaign to dispel the public misperception of the Products resulting from Defendant's unlawful conduct; and requiring all further and just corrective action, consistent with permissible law and pursuant to only those causes of action so permitted;

D.   **Damages/Restitution/Disgorgement:** For an order awarding monetary compensation in the form of damages, restitution, and/or disgorgement to Plaintiff and the Class, consistent with permissible law and pursuant to only those causes of action so permitted;

E.   **Attorneys' Fees & Costs:** For an order awarding attorneys' fees and costs, consistent with permissible law and pursuant to only those causes of action so permitted;

F.   **Pre/Post-Judgment Interest:** For an order awarding pre-judgment and post-judgment interest, consistent with permissible law and pursuant to only those causes of action so permitted; and

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

G.    **All Just & Proper Relief:** For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial on all triable issues.

DATED: October 28, 2022                    **CLARKSON LAW FIRM, P.C.**

                                           */s/ Zachary T. Chrzan*
                                           Ryan J. Clarkson, Esq.
                                           Zachary T. Chrzan, Esq.

                                           Attorneys for Plaintiff

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265